UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60154-SMITH/REID

DENISE COBB,

    Plaintiff,

v.

MARTIN O'MALLEY,[1]
Commissioner of the Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO REOPEN CASE

**THIS MATTER** is before the Court on Plaintiff Denise Cobb's ("Plaintiff") *pro se* Motion to Reopen Case (the "Motion"). [ECF No. 31]. The Motion was referred to the undersigned by the Honorable Rodney Smith for a Report and Recommendation. [ECF No. 2]. After reviewing the record, it is recommended that the Motion be **DENIED**.

## BACKGROUND

Plaintiff filed her initial *pro se* complaint on January 26, 2023. [ECF No. 1]. Read liberally, the complaint raised claims arising under the Federal Tort Claims Act (FTCA), *see* 28 U.S.C. §§ 1346(b)(1), 2671-2680, and/or the Social Security Act, 42 U.S.C. § 405(g). The Social Security Commissioner ("Defendant" or "SSA") moved to dismiss the complaint for lack of subject matter jurisdiction for failure to exhaust administrative remedies as required by the Social Security

---

[1] Frank Bisignano was sworn as the Commissioner of Social Security on May 7, 2025. *See* Soc. Sec. Admin., *Financial Services Industry Leader Frank Bisignano to be the 18th Commissioner of Social Security*, Soc. Sec. Matters. (May 7, 2025), https://blog.ssa.gov/financial-services-industry-leader-frank-bisignano-to-be-the-18th-commissioner-of-social-security/.

statutes. [ECF No. 22 at 2, 5]. Plaintiff failed to respond to Defendant's Motion to Dismiss, and the Court ultimately dismissed the case on July 23, 2024. *See* [ECF No. 30].

On August 11, 2025, over a year after dismissal, Plaintiff filed the present motion to reopen her case pursuant to Rule 60. *See* [ECF No. 31]. It appears Plaintiff is again asserting tort claims against Defendant and claiming new evidence regarding purported wrongful denial of payments. [ECF 31 at 1, 3 ¶ 5(h)]. She claims the SSA failed to follow proper procedures, denied her provisional benefits, and neglected to reinstate her benefits despite her eligibility. [*Id.* at 3 ¶]. She also alleges "Gross Negligence, Fraudulent Intent, [and] Abuse of Confidential or Fiduciary Relationship." [*Id.* at 1]. She requests retroactive reinstatement of benefits, damages for negligence, and relief due to new evidence of misconduct. [*Id.* at 4].

## **LEGAL STANDARD**

Plaintiff cites to Rule 60 of the Federal Rules of Civil Procedure as support for her motion. [ECF No. 1 at 1]. "A party seeking to set aside a court's entry of default [or final] judgment must proceed under Federal Rule of Civil Procedure 60(b)." *Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2016 WL 867111, at *1 (S.D. Fla. Mar. 7, 2016), *aff'd*, 725 F. App'x 772 (11th Cir. 2018). "Under Rule 60(b), the Court may set aside a [final] judgment on grounds of 'mistake, inadvertence, surprise, or excusable neglect,' or 'any other reason that justifies relief.'" *Am. Credit Acceptance, LLC v. Magic Auto Sales Corp.*, No. 18-25468-CIV-MORENO, 2019 WL 3940560, at *1 (S.D. Fla. Aug. 21, 2019) (quoting Fed. R. Civ. P. 60(b)(1), (6)). The Rule also allows relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). For the court to grant relief based on newly discovered evidence under Rule 60(b)(2), the moving party must establish that: (1) the evidence must be newly discovered after the judgment at issue was

2

entered; (2) the movant exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is likely to produce a different result. *See Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)); *Richitelli v. United States*, No. 21-CV-62202-STRAUSS, 2024 WL 1174048, at *2 (S.D. Fla. March 18, 2024). Here, there was no final judgment and no ruling on the merits as the Court dismissed the case by default due to Plaintiff's failure to respond to Defendant's Motion to Dismiss. *See* [ECF No. 30]. Nevertheless, because Plaintiff moves pursuant to Rule 60 and because she alleges "new and material facts[,]" the Court will analyze the Motion under Rule 60.

## DISCUSSION

<u>Plaintiff's Motion fails under Fed. R. Civ. P. 60.</u>

Plaintiff is foreclosed from seeking relief under Rule 60. To set aside a ruling under Rule 60(b)(1) for mistake, inadvertence, or excusable neglect, the defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome, (2) granting the motion would not prejudice the opposing party, and (3) good reason existed for failure" to litigate the case and comply with a court's order. *Am. Credit Acceptance, LLC*, 2019 WL 3940560, at *2; *Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Plaintiff fails to make any of the three showings.

First, Plaintiff does not show that she has a meritorious defense that could have affected the outcome of the case. Plaintiff alleges mishandling of her Social Security Benefits, but as noted by Defendant in the Motion to Dismiss, she appears to have failed to exhaust administrative remedies required under the Social Security Act. [ECF No. 31 at 3]; [ECF No. 22 at 5–6]. The party moving to set aside a final default judgment is required to establish a meritorious defense by

a "clear and definite recitation of the facts." *Grant*, 2016 WL 867111, at *2. Here, however, Plaintiff failed to provide any sort of defense when she did not respond to Defendant's Motion to Dismiss and does not set forth any now. *See generally* [ECF Nos. 22, 30, 31].

Further, Defendant would be unfairly prejudiced if the Court set aside the dismissal and required Defendant to expend additional resources to respond to claims that have already been dismissed. Indeed, Plaintiff delayed in bringing her Motion for over a year. Granting relief now would cause unnecessary complications, undermine the purpose of the dismissal, and create administrative burdens for the agency. *See Coal. Am., Inc. v. Nat'l Health Benefits Corp.*, No. 1:03-CV-4012-CC, 2010 WL 11493659, at *3 (N.D. Ga. Sept. 27, 2010) ("Moreover, the Court agrees . . . that the lengthy delay in filing the Rule 60(b)(1) motion was prejudicial to Plaintiff."). Here, Plaintiff does not provide any explanation of her delay in bringing her Motion, nor any reasoning of why she abandoned the case for over a year. *See generally* [ECF No. 31].

Lastly, there is no good cause shown here, much less one that may be construed as excusable neglect. Importantly, "[n]either ignorance nor carelessness on the part of a litigant . . . provide[s] grounds for relief under Rule 60(b)(1)." *Am. Credit Acceptance, LLC*, 2019 WL 3940560, at *2 (quoting *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Plaintiff has not provided any reason for failing to respond to Defendant's Motion to Dismiss and failing to prosecute the action. *See generally* [ECF No. 31]. Lack of knowledge of the law or procedural rules is generally not considered a sufficient excuse under Rule 60(b)(1), nor does she make the argument in her Motion.

To the extent Plaintiff is now claiming new evidence under Rule 60(b)(2), her motion is still subject to dismissal. Courts use a five-part test to evaluate whether relief can be granted based upon newly discovered evidence. *See Waddell*, 329 F.3d at 1309; *Richitelli*, 2024 WL 1174048, at

4

*2. Plaintiff satisfies none of these. First, the "new evidence" discovered is not evidence which existed at the time of the initial Complaint and "could not have been discovered in time to move for a new trial." *See Richitelli*, 2024 WL 1174048, at *2. Rather, Plaintiff alleges continuing harm that occurred after she failed to prosecute the case. *See* [ECF No. 31 at 2–4]. Next, as to the second prong, Plaintiff has not demonstrated that she exercised due diligence to uncover evidence relevant to the original claims and she has failed to show that she took reasonable steps to present evidence that existed prior to the judgment. *See Richitelli*, 2024 WL 1174048, at *2. On prong three, Plaintiff's "new claims" are essentially a cumulative repackaging of her earlier abandoned claims. [ECF 31 at 3 ¶ 8(a)]; *Richitelli*, 2024 WL 1174048, at *2. As to prong four, Plaintiff has not demonstrated that the alleged new evidence is material; she simply raises the same argument that Social Security mishandled her claim. *Compare* [ECF No. 1] *with* [ECF No. 31]. Finally, even if the Court were to consider the Plaintiff's allegations, the evidence presented is unlikely to produce a different result. *See Waddell*, 329 F.3d at 1311. Plaintiff has not shown that the claims alleged in the Motion to Reopen would be any more successful against Defendant's Motion to Dismiss arguments as those in the original Complaint.

Even if Plaintiff could provide reasons for relief under Rule 60(b)(1) or 60(b)(2), the Motion is untimely. "A motion under Rule 60(b) must be made within a reasonable time. . . no more than a year after the entry of the judgment[.]" *See* Fed. R. Civ. P. 60(c); *Muzio v. United States*, No. 09-20327-CR, 2019 WL 11556742, at *3 (S.D. Fla. Mar. 25, 2019) ("Finally, the delay in filing this request is over one year and untimely under Rule 60 (b)(1) and unreasonably long under Rule 60(b)(6)."); *Soreide v. United States*, No. 03-60235-CR, 2011 WL 13371215, at *1 (S.D. Fla. June 3, 2011) ("Movant has not presented any justification for the delay

of over one year in filing this Rule 60(b)(6) motion."). Plaintiff's Motion should also be denied on this basis.

### Leave to Amend

Lastly, to the extent Plaintiff's Motion can be construed as one for leave to amend her Complaint, it should also be denied. "Even after a complaint is dismissed and a plaintiff's right to amend under Rule 15(a) terminates . . . the plaintiff may still move for leave to amend, and 'such amendments should be granted liberally.'" *Martinair Holland, N.V. v. Benihana, Inc.*, 780 F. App'x 772, 776 (11th Cir. 2019) (quoting *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984)). The Supreme Court has stated, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Motion raises many of the issues warned of by the Supreme Court in *Foman*. Namely, Plaintiff provides no reasoning for her delay in bringing the Motion, no reason for her lack of response to Defendant's original Motion to Dismiss, and no good cause as to why the case should be reopened. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming the denial of leave to amend where the plaintiff delayed for an extended period and sought to amend only after the defendant had expended significant resources defending the case); *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236–37 (11th Cir. 2005) (finding that there was no abuse of discretion in the district court's denial of the motion to amend where the movant waited more than a year after it was put on notice that its claims were defective). Moreover,

for the reasons discussed above, Defendant would be prejudiced if the Court granted Plaintiff's relief, and it is not clear to the Court that Plaintiff's new claims are not futile considering Defendant's unopposed Motion to Dismiss arguments. *See Aligned Bayshore Holdings, LLC v. Westchester Surplus Lines Ins. Co.*, No. 18-21692-CV, 2019 WL 2341577, at *3 (S.D. Fla. June 3, 2019) (recognizing that undue prejudice to the opposing party is a proper ground to deny a motion for leave to amend).

**THERFORE**, for the foregoing reasons, it is recommended that Plaintiff's Motion to Reopen [ECF No. 31] be **DENIED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 6th day of November, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　LISETTE M. REID
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

cc:　**U.S. District Judge Rodney Smith**; and

　　　**All Counsel of Record**

　　　Denise Cobb
　　　7580 NW 5th Street
　　　#15774
　　　Plantation, FL 33317
　　　954-822-7818

Email: sparkle2225@yahoo.com
*Pro Se*